CHARLES H. STEVENS, administrator, *vs.* PROVIDENT INSTITUTION FOR SAVINGS IN THE TOWN OF BOSTON.

Suffolk.    January 9, 1917. — February 28, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Gift, Causa mortis.*

Where a woman advanced in years who was seriously ill gave to a son a pass book in a savings bank and said to him, "The doctor tells me I must die soon. If anything happens to me, I want you to have this for yourself, apart from any share in my estate," where the woman at this time was under apprehension of speedy death from a disease of uncertain duration from which she was suffering and which resulted in her death four months later, and where during the intervening period the pass book had remained in the possession of her son, these facts make out a *prima facie* case of a good gift *causa mortis.*

CONTRACT by the administrator of the estate of Emily A. Stevens, late of Chelsea, who brought the action for the benefit and in behalf of Frederick A. Henry of Springfield, to recover the amount of $1,304.88 deposited in the defendant savings bank and represented by a pass book which was alleged to have been given to said Frederick A. Henry by the plaintiff's intestate. Writ in the Municipal Court of the City of Boston dated April 21, 1916.

In the Municipal Court the trial judge ruled that the facts found by him, which are stated in the opinion, made out a *prima facie* case for the donee and that he was entitled to recover the amount admitted. He found for the plaintiff and, at

the request of the defendant, reported the case to the Appellate Division.

The Appellate Division made an order that the report be dismissed; and the defendant appealed.

*W. H. Irish,* for the defendant.

*R. W. Frost,* for the plaintiff.

DE COURCY, J. Emily A. Stevens, a woman of advanced years, delivered to her son Frederick A. Henry (for whose benefit this action is brought) her pass book in the defendant bank. She said to him at the time "The doctor tells me I must die soon. If anything happens to me, I want you to have this for yourself, apart from any share in my estate." The trial judge found that at the time of the gift, in November, 1915, Mrs. Stevens was seriously ill, and under apprehension of death. She never recovered from that illness; and until her death four months later the bank book remained in the possession of the donee.

The trial judge was warranted in ruling that the plaintiff had made out a *prima facie* case of a good gift *causa mortis.* There was a delivery of the bank book to the donee, with a clearly manifested intention to make a present gift of the deposits represented by the book. *Pierce* v. *Boston Five Cents Savings Bank,* 129 Mass. 425. At that time Mrs. Stevens was under apprehension of speedy death from an existing disease. She died as anticipated, leaving the donee surviving her. In the meantime the book remained in the possession of the donee, and the gift was not revoked. 20 Cyc. 1228.

The defendant apparently contends that the ruling was wrong because the plaintiff did not prove that the donor died from the very illness from which she apprehended death at the time of the gift in November, 1915. What was necessary to be proved was, that there was no intervening recovery from a disease existing at the time when the gift was made. *Larrabee* v. *Hascall,* 88 Maine, 511. *Ridden* v. *Thrall,* 125 N. Y. 572. See *Parish* v. *Stone,* 14 Pick. 198, 204. On this issue the question of the burden of proof has been argued. But it is enough to say that there was ample evidence to warrant a finding that Mrs. Stevens was suffering in November, 1915, from the disease which resulted in her death four months later. She was frail and aged. The nature of her illness did not appear, but it was shown that the disease was one

of uncertain duration, and that it involved the danger of speedy death and apprehension thereof by Mrs. Stevens. And it did not appear that she ever recovered from it. These uncontradicted facts, and the inferences that properly could be derived from them, warranted the judge in ruling that a *prima facie* case on that issue was made out. Admittedly the other elements of a good gift *causa mortis* were established.

*Order dismissing report affirmed.*